

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00882-CR

The **STATE** of Texas,
Appellant

v.

Rafael **MARTINEZ MARTINEZ**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13926CR
Honorable Dennis Powell, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 24, 2024

AFFIRMED

The State of Texas appeals the trial court's order granting Rafael Martinez Martinez's requested habeas relief and dismissing his criminal case with prejudice. We affirm.

## BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety ("DPS") to initiate Operation Lone Star ("OLS") and "devote additional law enforcement resources toward deterring illegal border crossing and protecting [] border communities." He further directed "DPS to use available resources to enforce all applicable federal and state laws to

prevent criminal activity along the border, including criminal trespassing, smuggling, and human trafficking, and to assist Texas counties in their efforts to address those criminal activities."

As part of OLS, Martinez Martinez, a noncitizen, was arrested for criminal trespass on October 10, 2022, in Kinney County. On October 18, 2022, Martinez Martinez filed an application for writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3(a). Specifically, Martinez Martinez argued that the State's selective enforcement[1] of criminal trespass against men, and not similarly situated women, as part of OLS violated his constitutional rights. The trial court granted the writ and set the matter for an evidentiary hearing on November 18, 2022.

At the hearing, the trial court heard the merits of Martinez Martinez's pretrial habeas claim, along with twenty-one other cases, all filed on selective enforcement grounds. We described the evidence presented at this hearing in a previous opinion, *State v. Gomez*, — S.W.3d —, No. 04-22-00872-CR, 2023 WL 7552682, at *1–4 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed), as both the habeas claim in *Gomez* and the habeas claim in the instant case were heard at the same time. After considering the evidence presented at the hearing, on December 21, 2022, the trial court found that Martinez Martinez had presented a prima facie selective-enforcement claim on the basis of equal protection and further found that the State had not met its burden of justifying

---

[1] The terms "selective prosecution" and "selective enforcement" are sometimes used interchangeably, although they are distinct claims. *See Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at *2 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (citations omitted). Here, while Martinez Martinez's pretrial habeas application sought dismissal on "selective-prosecution" grounds, the evidence Martinez Martinez presented in his application and at the hearing shows that under OLS, law enforcement officers arrested and charged men, but not women, for criminal trespass—evidence that indicates Martinez Martinez was asserting a selective-enforcement claim. *See id*. at *2–3 & n.2. Moreover, the trial court, in its order granting Martinez Martinez habeas relief, found that Martinez Martinez was "the target of selective enforcement" and that "the unconstitutional prosecution is fully implemented at the level of arrest of only male suspects." We therefore conclude that Martinez Martinez effectively presented a selective-enforcement claim and that the trial court construed his claim as one for selective enforcement, and we will refer to his claim as a selective-enforcement claim. *See id*. at *3.

the discriminatory treatment. Consequently, the trial court granted Martinez Martinez's requested relief and "order[ed] the criminal prosecution against Applicant be dismissed with prejudice." The State appealed.

**DISCUSSION**

In its brief, the State argues the trial court erred in granting relief on Martinez Martinez's selective-enforcement equal protection claim for the following three reasons: (1) his claim is not cognizable in a pretrial habeas proceeding; (2) he did not present a prima facie case of selective-enforcement on the basis of a violation of his equal protection rights; and (3) the State met its burden of showing its policy passes "the strictest of scrutiny." These are the same arguments brought by the State in *Gomez*, 2023 WL 7552682, at *4. For the reasons enunciated in *Gomez*, we hold that Martinez Martinez's claim is cognizable in a pretrial habeas proceeding, that the trial court did not abuse its discretion in determining that Martinez Martinez met his burden of showing a prima facie claim for selective enforcement on the basis of gender discrimination, and that the trial court did not abuse its discretion in determining that the State had not met its burden to justify its discriminatory conduct under either strict scrutiny (Martinez Martinez's state claim) or intermediate scrutiny (Martinez Martinez's federal claim). *See id*. at *4–6; *Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at *3–4 (Tex. App.—San Antonio May 15, 2024, no pet. h.); *Ex parte Aparicio*, 672 S.W.3d 696, 716 (Tex. App.—San Antonio 2023, pet. granted). Therefore, we affirm the trial court's order granting Martinez Martinez habeas relief and dismissing his criminal case with prejudice.

Irene Rios, Justice

DO NOT PUBLISH